[Civ. No. 3499.   Third Appellate District.—July 6, 1928.]

DELBERT L. WESTOVER, Plaintiff and Appellant, v. SAMUEL B. STANLEY et al., Defendants and Appellants.

J. S. Hutchinson and Walter Slack for Plaintiff and Appellant.

Grant & Zimdars and William H. Bryan for Defendants and Appellants.

JAMISON, J., *pro tem.*—This action was brought by plaintiff, respondent-appellant, under the provisions of an Act to provide for the Establishment and Quieting Title to Real Property in Case of Loss or Destruction of the Public Records, approved June 16, 1906, and commonly known as the McEnerney Act. (Stats. 1906 [Ex. Sess.], p. 78.)

The plaintiff will be hereinafter referred to as Westover and the defendants as the Stanleys.

Judgment went in this action for the Stanleys that they were the owners of the real property described therein subject to lien thereon in favor of Westover for taxes and assessments paid by Westover, that were assessed against the said real property during the years of 1919 to 1924, inclusive, amounting to $1,832.39, and the sum of $3,424.85 paid by Westover for taxes, sewer assessments, and Twin Peak Tunnel assessments on said property up to May 14, 1917.

The Stanleys appeal from the portion of the judgment which awards Westover the $3,424.85 and Westover appeals from that portion of the judgment that decrees title to said property to be in the Stanleys and from that portion of the judgment that fails to allow him additional amounts for taxes and assessments paid out by him on said real property.

This case and Civil No. 3498, *Samuel B. Stanley and Joseph Stanley etc. et al.* v. *Delbert L. Westover, ante,* p. 97 [269 Pac. 468], were tried at the same time and the evidence in each is, in the main, practically the same and the judgments are identical.

In the instant case Westover sets forth in his complaint that he is the owner of all of three tracts of land described by metes and bounds, being parts of blocks 1024, 1025, and 1026, Outside Lands. Upon the trial of this case it was proven that Westover was not, at the date of the

commencement of the action, the owner of the whole of said three tracts, but only claimed an interest in 11/24ths thereof, and that one Frank A. West owned the other 13/24ths.

It was further established that prior to the commencement of this action the said Frank A. West had brought suits under the provisions of the said McEnerney Act and has secured judgments decreeing title to him to 12/24ths and to 1/24th of said real property.

It further appeared that in this action the said Frank A. West had never been served with the summons and papers mentioned in section 6 of the said McEnerney Act.

Section 14 of the said McEnerney Act provided: "Whenever judgment on an action hereby authorized shall have been entered as to any real property, no other action relative to the same property, or any part thereof, maintained under this act shall be tried until proof first be made to the court that all persons who appeared in the first action, or their successors in interest, have been personally served with the papers mentioned in section 6 of this act, either within or without the state more than one month before the time to plead expires."

It is provided by section 8 of said act that the time to plead expires within three months after the first publication of the summons.

This appeal was brought up on a bill of exceptions, and while there is no showing in said bill of exceptions as to when the first publication of the summons was made in the case now under consideration, and consequently it does not appear just when the time to plead expired, yet it having been established that judgments under the said act had been entered, prior to the commencement of this action, affecting the real property in controversy in this action, the trial court was not authorized to proceed with the trial in the instant action until proof was made to the court that all persons who had appeared in said first actions, or their successors in interest, had been personally served with the papers mentioned in section 6 of said act.

This was not done, and therefore the court was without authority to proceed with the trial.

The judgment is reversed.

Hart, Acting P. J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 4, 1928, and a petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 4, 1928.

All the Justices concurred.